# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**ALYSSA LASHAE SAULSBERRY**                                              **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO.: 3:16-CV-156-RP**

**COMMISSIONER OF SOCIAL SECURITY**                                              **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Alyssa Lashae Saulsberry has applied for judicial review under 42 U.S.C.
§ 405(g) and 42 U.S.C. § 1383(c)(3) of the Commissioner of Social Security's decision denying
her application for supplemental security income (SSI) as a disabled minor child under Title XVI
of the Social Security Act. Docket 1. Plaintiff filed an application for benefits as a disabled
minor child on January 2, 2013, alleging disability beginning on August 8, 2012. Docket 8 at
131-36.

The agency administratively denied Plaintiff's claim initially on April 2, 2013 and on
reconsideration on May 2, 2013. *Id*. at 59-77. Plaintiff then requested an administrative hearing,
which Administrative Law Judge (ALJ) William R. Ingram held on August 26, 2014, at which
Plaintiff's mother, Melissa Denise Herns, testified on her behalf. *Id*. at 91-92, 101-05. The ALJ
issued an unfavorable decision on January 13, 2015. *Id*. at 7-26. The Appeals Council denied
Plaintiff's request for review on May 11, 2016. *Id.* at 1-4. Plaintiff timely filed this appeal from
the May 11, 2016, decision, the undersigned held a hearing on February 15, 2016, and it is now
ripe for review.

Because both parties have consented to a magistrate judge conducting all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment. Docket 12.

## I. FACTS

Plaintiff was born on October 3, 2006 and at the time of the ALJ hearing was seven years old and in the second grade. Docket 8 at 45, 131. Plaintiff's application for supplemental security income was filed by Melissa Denise Herns, her mother, on her behalf. *Id*. at 131-36. Plaintiff alleges disability due to "[attention deficit hyperactivity disorder], separation, mathematics, [developmental coordination disorder], [and] language disorder." *Id*. at 156. The ALJ determined the Plaintiff suffered from a severe impairment of attention deficit hyperactivity disorder (ADHD), but that this impairment did not meet or equal a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926) or functionally equal the severity of the listings in 20 CFR 416.924(d) and 416.926(a). *Id*. at 13. After considering the record evidence and applicable rulings and regulations, the ALJ found the "statements concerning the intensity, persistence and limiting effects of [Plaintiff's] symptoms are not entirely credible" as the relevant evidence does not reflect the severity of the alleged limitations. *Id*. at 15, 19. After evaluating all of the evidence in the record, including the mother's testimony, the ALJ held that Plaintiff is not disabled under the Social Security Act. *Id*. at 25.

Plaintiff asserts that the ALJ erred in declining to grant Plaintiff's request for a supplemental hearing in violation of Hearings, Appeals, and Litigation Law Manual (HALLEX) I-2-7-30.

## II.  EVALUATION PROCESS

The Personal Responsibility and Work Opportunity Reconciliation Act statutorily amended the relevant substantive standard for evaluating children's disability claims. Under the 1996 Act, a child seeking SSI benefits based on disability will be found disabled if she has a medically determinable impairment "which results in marked and severe functional limitations," and which meets the statutory duration requirement. *See* 42 U.S.C. § 1382c(a)(3)(C) (2004). In determining disability of a child, the Commissioner, through the ALJ, works through a three-step sequential evaluation process.[1] At all stages of the proceedings the burden rests upon the plaintiff to prove disability. First, the ALJ determines whether the child is working.[2] Second, the ALJ decides whether the child has a medically determinable "severe" impairment or combination of impairments. Finally, at step three, for a finding of disabled, the ALJ must conclude the child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of an impairment listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02.[3] In making this determination, the ALJ must consider the combined effect of all medically determinable impairments, even those that are not severe.[4] If plaintiff's impairment is severe but does not meet or equal in severity a listed impairment, the ALJ must then determine whether the impairment is "functionally equal in severity to a listed impairment."

Under the final regulations published by the Social Security Administration, effective January 2, 2001, the Commissioner evaluates a child's functional limitations in the following six domains:

1.      Acquiring and using information;
2.      Attending and completing tasks;

---

[1] *See* 20 C.F.R. § 404.924 (2004).
[2] 20 C.F.R. § 416.924(b) (2006)
[3] 20 C.F.R. §§ 416.924(d), 416.925 (2006).
[4] 20 CFR 416.923, 416.924a(b)(4), 416.926a(a) and (c).

3.      Interacting and relating with others;
4.      Moving about and manipulating objects;
5.      Caring for himself; and
6.      Health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i-vi)(2007). "An impairment(s) causes marked and severe functional limitations if it meets or medically equals the severity of a set of criteria for an impairment in the listings, or if it functionally equals the listings." 20 C.F.R. § 416.924(d) (2006). A medically determinable impairment or combination of impairments functionally equals a listed impairment if it results in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. *See* 20 C.F.R. § 416.926a (2007). When deciding whether a child has a marked or extreme limitation, the ALJ must consider the child's functional limitations in all areas, including their interactive and cumulative effects, and then make a determination as to whether the child is disabled under the Act.

### III.  STANDARD OF REVIEW

Judicial review of the Commissioner's final decision to deny benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). A court has limited power of review and may not reweigh the evidence or substitute its

judgment for that of the Commissioner,[5] even if it finds that the evidence leans against the Commissioner's decision.[6]

The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson,* 402 U.S. at 390.

## IV. DISCUSSION

At the conclusion of the hearing on August 25, 2014, the ALJ determined that another psychological consultative examination (CE) of the Plaintiff was necessary due to "a lot of inconsistencies" between the testimony and medical evidence. Docket 8 at 57. On September 9, 2014, Plaintiff was notified that Dr. Joann Raby would perform an examination on October 18, 2014. *Id*. at 207. On September 12, 2014, counsel for Plaintiff objected to the ALJ's selection of Dr. Raby stating that she "almost never finds anything wrong with anyone." *Id*. at 213. Counsel for Plaintiff requested that the CE be rescheduled with another psychologist in order to "get a more accurate assessment." *Id*.

---

[5] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).
[6] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

On November 4, 2014, the ALJ provided counsel for Plaintiff with Dr. Raby's Psychological Consultative Examination Report, dated October 18, 2014, and stated his intention to enter it into the record. *Id*. at 208-09. The letter states in relevant part, "[i]f you request a supplemental hearing I will grant the request unless I receive additional records that support a fully favorable decision." *Id*. at 208. On November 12, 2014, counsel for Plaintiff notified the ALJ of his objections to Dr. Raby's findings and stated "[a]lthough I would like to have a supplemental hearing to clear this matter up, I would much rather have a competent psychologist be appointed to examine her and I feel quite certain the results would be very different." *Id*. at 211-12. The record contains no evidence that the ALJ responded to counsel's requests at any time prior to issuing his decision in which he denied counsel's request for another consultative examination and a supplemental hearing on the basis that "a supplemental hearing would …yield no new evidentiary opportunities." *Id*. at 10, 15.  The Court disagrees.

Plaintiff contends that the ALJ violated HALLEX I-2-7-30 by denying Plaintiff's request for a supplemental hearing, requiring that the case be reversed and remanded so that a supplemental hearing can be held. Docket 11 at 10. HALLEX I-2-7-30 (C) states:

> If the ALJ offered the opportunity for a supplemental hearing with proffered evidence and the claimant requests a supplemental hearing, the ALJ must grant the request unless the ALJ has already decided to issue a fully favorable decision. The ALJ must grant the request even if the opportunity for a supplemental hearing was offered by mistake.

Plaintiff argues that "the ALJ has no discretion but to grant a supplemental hearing when he has offered one…" *Id*. at 7.

Section I–2–7–30 of the *Hearings, Appeals and Litigation Law Manuel* (HALLEX) provides that when evidence is obtained after the ALJ hearing, it must be proffered to the claimant unless the claimant waives her right to examine it or unless the ALJ intends to issue a fully favorable decision. *Griffin v. Colvin*, 2014 WL 1239445, at *5 (S.D. Miss. Mar. 26, 2014).

The proffer letter must allow the claimant time to object, refute, or comment on the additional evidence or request a supplemental hearing. *Id.* The rule provides in pertinent part: "If a claimant requests a supplemental hearing, the ALJ must grant the request, unless the ALJ receives additional documentary evidence that supports a fully favorable decision." *Id.*

In *Newton v. Apfel,* the Fifth Circuit recognized that HALLEX "does not carry the authority of law." *Newton,* 209 F.3d 448, 459 (5th Cir. 2000). However, "where the rights of individuals are affected, an agency must follow its own procedures." *Wirick v. Colvin*, 2015 WL 4726490 at *2 (S.D. Miss. July 28, 2015). If a claimant is prejudiced by a violation of HALLEX procedures, "the result cannot stand." *Newton*, 209 F.3d at 459. "Prejudice is established by showing that additional evidence could have been produced that 'might have led to a different decision.'" *Wirick*, 2015 WL 4726490 at *2 (quoting *Newton*, 209 F.3d at 458). If there is "no realistic possibility that, absent the error" the outcome would have been different, an error is considered harmless. *Id.*

At the hearing, counsel for Plaintiff argued that Plaintiff was harmed when she was denied the opportunity to rebut Dr. Raby's report at a supplemental hearing. Although not discussed in Plaintiff's brief, counsel for Plaintiff stated that he would have presented the following evidence had his request been granted:  (1) "dozens" of other reports authored by Dr. Raby in order to establish Dr. Raby's pattern and practice of never finding a disability; (2) Plaintiff's own testimony to rebut Dr. Raby's opinion that Plaintiff was "coached or encouraged to perform poorly;" and (3) Plaintiff's mother's testimony on the specific issue of whether she "coached or encouraged" Plaintiff to perform poorly.

The Commissioner contends that "Plaintiff has failed to prove prejudice and thus failed to establish a reversible error with regard to the holding of a supplemental hearing in accordance

with this HALLEX provision." Docket 13 at 9. At the hearing, the Commissioner conceded that the ALJ violated HALLEX I-2-7-30 (C) by failing to grant Plaintiff's request for a supplemental hearing, but argues that the ALJ's failure to abide by HALLEX I-2-7-30 does not require remand. The Commissioner explains that Plaintiff's failure to establish prejudice, *i.e.*, that the supplemental hearing might have led to a different decision, precludes a finding of reversible error. *Id*. at 12. The Commissioner states that substantial evidence supports the ALJ's determination that Plaintiff was not disabled, and therefore, the ALJ's decision should be affirmed. *Id*. at 15.

The Commissioner relies on *Lindsey v. Commissioner of Social Security* for its contention that Plaintiff has failed to establish reversible error caused by the HALLEX violation. Docket 13 at 12; *Lindsey*, 2009 WL 4738168 (N.D. Miss. Dec. 4, 2009). In *Lindsey*, the Court declined to find that reversible error had occurred as a result of the ALJ's failure to grant a supplemental hearing because "the claimant had failed to proffer any evidence whatsoever that could and would have been adduced during a supplemental hearing that would have led to a different result in this case." *Id*. at *6. The Court further held that no due process violation had occurred because the consultative examination at issue was not considered by the ALJ in reaching a decision. *Id*. at *7.

The Commissioner similarly relies on *Griffin v. Colvin*, in which remand was not warranted because the plaintiff failed to establish "prejudice resulting from the denial of the supplemental hearing." *Griffin*, 2014 WL 1239445 at *5 (S.D. Miss. March 26, 2014). In *Griffin*, the ALJ accorded "very little weight" to the opinion about which the plaintiff sought a supplemental hearing. *Id*. Plaintiff failed to explain how questioning the VE about that opinion "could have made it more likely that she would have received a favorable opinion," and

therefore, did not show that she was prejudiced by the ALJ's failure to hold a supplemental hearing. *Id*.

The Court finds the instant matter distinguishable from the cases on which the Commissioner relies in that (1) the ALJ considered Dr. Raby's consultative examination in deciding whether Plaintiff is disabled and (2) Plaintiff proffered evidence of what would have been presented at a supplemental hearing that "might have led to a different decision." Specifically, the ALJ afforded "some weight to Dr. Raby's opinion, particularly insofar as it is contrary to a finding of marked or severe limitations in any area." Docket 8 at 18. Based on Dr. Raby's observation that Plaintiff "exhibited a highly inconsistent presentation" and "appeared as if she was coached or encouraged to perform poorly," the ALJ questioned "both claimant and claimant's mother's veracity." *Id*. at 17, 19. The ALJ concluded that "marked departure in scores/performance" in Dr. Raby's findings compared to the previous findings and observations lent "great support" to Dr. Raby's opinion that Plaintiff was coached to perform poorly. *Id*. at 18.

Counsel for Plaintiff proffered evidence that he would have cited during a supplemental hearing in order to rebut Dr. Raby's opinions including: "dozens" of records evidencing Dr. Raby's disinclination to find patients disabled; Plaintiff's own testimony to rebut the opinion that she was "coached or encouraged to perform poorly;" and Plaintiff's mother's testimony related to whether she "coached or encouraged" Plaintiff to perform poorly. The Court finds that Plaintiff has shown "that additional evidence could have been produced that might have led to a different decision." *Wirick*, 2015 WL 4726490 at *2 (quoting *Newton*, 209 F.3d at 458). Therefore, Plaintiff has established the prejudice necessary for reversal and remand based on the ALJ's violation of the agency's own internal procedures.

For these reasons, the ALJ's decision is reversed and remanded for a supplemental hearing. Plaintiff requested that the Court remand and order a new psychological consultative examination; however, the Court denies that request and remands the matter only for a supplemental hearing at which Plaintiff may present additional evidence in support of her claim of disability.

## V.  CONCLUSION

The Commissioner's denial of benefits will be remanded for additional review in accordance with this opinion. A final judgment in accordance with this memorandum opinion will issue this day.

**SO ORDERED,** this the 22nd day of February, 2017.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE